**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4753**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSHUA ADAM FRAZIER,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, District Judge.  (1:10-cr-00002-JPJ-PMS-33)

Submitted:  February 21, 2019                     Decided:  February 25, 2019

Before GREGORY, Chief Judge, and AGEE and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Frederick T. Heblich, Jr., Interim Federal Public Defender, Brian J. Beck, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Abingdon, Virginia, for Appellant.  Thomas T. Cullen, United States Attorney, Roanoke, Virginia, Jean B. Hudson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joshua Adam Frazier appeals the three-year term of supervised release imposed by the district court as part of his sentence upon revocation of supervised release. Frazier contends that the three-year period of supervised release is procedurally unreasonable because the district court failed to adequately explain its decision and failed to consider Frazier's mitigating evidence. Because he failed to object at the revocation hearing, we review for plain error. *See United States v. Webb*, 738 F.3d 638, 640-41 (4th Cir. 2013). "To establish plain error, [Frazier] must show (1) that the district court erred, (2) the error is clear or obvious, and (3) the error affected his substantial rights, meaning that it affected the outcome of the district court proceedings." *Id.* (internal quotation marks omitted). If Frazier demonstrates plain error, this Court has the discretion to remedy the error "and will deny relief unless the district court's error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* at 641 (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (footnotes omitted). We have reviewed the record and conclude that Frazier has failed to demonstrate that the district court plainly erred in imposing the three-year period of supervised release. Frazier's sentence is within the Sentencing Guidelines range, and the district court adequately explained the rationale for the period of supervised release.

2

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*